# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: January 12, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JULIE FINN, M.D., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1897V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Uncontested; |
| AND HUMAN SERVICES, | * | Influenza ("Flu"); Shoulder Injury |
| | * | Related to Vaccine Administration |
| Respondent. | * | ("SIRVA"). |
| * * * * * * * * * * * * | | |

*Gary Alan Krochmal,* Law Offices of Gary A. Krochmal, PLLC, Farmington Hills, MI, for petitioner.
*Meghan Murphy*, United States Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On December 18, 2020, Julie Finn, M.D., ("petitioner") filed a petition for compensation ("Petition") in the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an intramuscular influenza ("flu") vaccination on October 14, 2019. Petition (ECF No. 1).

While the case was still in SPU, petitioner filed a Motion for Ruling on the Record on January 13, 2022, and respondent filed his response on February 11, 2022. Petitioner's Motion ("Pet. Mot.") (ECF No. 31); Respondent's Response ("Resp.") (ECF No. 32). Respondent filed his Rule 4(c) report on August 5, 2022, indicating that "compensation is not appropriate in this case." Resp. Rep. at 1. Specifically, respondent argued that petitioner failed to satisfy a Table

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this unpublished opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

SIRVA claim because the vaccination record indicated that petitioner's flu vaccination was administered subcutaneously, and that insufficient proof of onset of her pain occurring within 48 hours of the vaccination was submitted and therefore the onset was outside of the 48 hours required to establish a Table SIRVA. *Id*. at 5.

Petitioner subsequently filed two affidavits averring that the vaccination was administered intramuscularly. (ECF Nos. 41-42). I issued a scheduling order finding that there was "sufficient evidence of onset within 48 hours," and concluding that "the notation in the record was in error and the vaccine was administered intramuscularly." (ECF No. 44).

On January 11, 2023, respondent filed an amended report pursuant to Vaccine Rule 4(c), in which respondent avers that petitioner has satisfied the criteria set forth in the Vaccine Injury Table ("the Table") and the Qualifications and Aids to Interpretation ("QAI") which afford petitioner a presumption of causation if petitioner had no history of pain or dysfunction in her left shoulder prior to the flu vaccine; petitioner's left shoulder injury manifested within forty-eight hours after receipt of her intramuscularly administered flu vaccine; the pain and reduced range of motion were limited to her left shoulder; and no other condition or abnormality would explain petitioner's symptoms. *See* 42 C.F.R. § 100.3(a)(XIV)(B); 42 C.F.R. §100.3(10)(i-iv). Additionally, respondent noted that the statutory six-month sequela requirement has been satisfied. *See id*. § 300aa-11(c)(D)(I).

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 13; Vaccine Rule 8(d). In light of respondent's recommendation and my own review of the record, petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master